Hermond Dean **COOPER,**
Plaintiff–Appellant,

v.

**PASADENA UNIFIED SCHOOL DISTRICT,** Defendant–Appellee.

No. 04–56497.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Oct. 11, 2007.

---

Hermond Dean Cooper, Altadena, CA, pro se.

Conrad Kohrs, Esq., Kohrs & Fiske, Santa Monica, CA, for Defendant–Appellee.

Before: WALLACE, IKUTA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Hermond Dean Cooper appeals the district court's grant of summary judgment in favor of Defendant, Pasadena Unified School District ("PUSD"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review de novo whether a plaintiff has exhausted required administrative remedies. *Josephs v. Pacific Bell,* 443 F.3d 1050, 1061 (9th Cir.2006). Cooper did not specifically raise the termination claim before the Equal Employment Opportunity Commission ("EEOC"). *See EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir.1994) (holding that claims for relief must be exhausted prior to federal judicial review.) The charges raised in an EEOC charge, however, do not strictly limit the suit that may follow. *See Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973) (noting that when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge). Cooper's 1999 EEOC charge alleged that he was subject to harassment from the personnel office. The language of EEOC charges should be construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B. v. Maui Police Depart.,* 276 F.3d 1091, 1100 (9th Cir.2002). Given the liberality with which we construe these charges, a wrongful termination charge could reasonably be expected to grow out of an EEOC investigation of Cooper's allegation of continuing harassment by the personnel office over a time span encompassing Cooper's appeal of his termination proceedings. *See id.* Thus, Cooper did exhaust his wrongful termination claim, and he may pursue it on remand.

We review the district court's grant of summary judgment on Cooper's ADA and Rehabilitation Act claims de novo. *Humphrey v. Memorial Hospitals Ass'n,* 239 F.3d 1128, 1133 (9th Cir.2001) (ADA); *Coons v. Sec'y of the U.S. Dep't. of Treasury,* 383 F.3d 879, 884 (9th Cir.2004) (Rehabilitation Act). The district court properly granted summary judgment in favor of PUSD on Cooper's 1997 discrimination claims because Cooper failed to establish a prima facie case that PUSD did not hire Cooper because of his disability. *See Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir.2002) (providing elements of a prima facie case of disability discrimination under the Rehabilitation Act and the ADA). Because failure to show disability discrimination is dispositive, we do not consider whether PUSD's proffered reasons for not hiring Cooper were pretextual.

The district court also properly granted summary judgment in favor of PUSD in Cooper's 1999 retaliation claim because Cooper failed to establish a prima facie case that PUSD retaliated against him for filing a complaint with the EEOC. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir.2002). The district court did not err in finding no causal link between Cooper's EEOC charge and the alleged misconduct. *Id.* at 1065.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this disposition. The parties shall bear their own costs on appeal.

WALLACE, Circuit Judge, concurring in part and dissenting in part.

I would affirm the district court's summary judgment in favor of Pasadena SD on Cooper's 1997 discrimination and retaliation claim and his 1999 retaliation claim. I would also affirm its dismissal of Cooper's termination claim under the ADA and the Rehabilitation Act because Cooper has not exhausted the required administrative remedies.

While it is true that we construe the language of EEOC charges liberally and

will adjudicate claims that are reasonably related to the EEOC charges, "there is a limit to such judicial tolerance when principles of notice and fair play are involved." *Freeman v. Oakland Unified Sch. Dist.,* 291 F.3d 632, 635 (9th Cir.2002). "The crucial element of a charge of discrimination is the factual statement contained therein." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1100 (9th Cir.2002). Neither of Cooper's EEOC charges so much as mentions termination proceedings. The 1999 charge all but excludes the dates of Cooper's termination proceedings: the charge lists harassment beginning June 30, 1998, overlapping only one month with the termination proceedings occurring between October 1997 and July 1998. While his 1999 charge lists "harassment" from the personnel office, it is in the specific context of his complaint about the office's failure to provide him with an evaluation form. *See Freeman,* 291 F.3d at 637. A reasonable EEOC investigation would not have focused on anything but the district's failure to complete Cooper's requested evaluation form based on the factual allegations in Cooper's complaint.

I would not consider Cooper's argument, raised for the first time on appeal, that the Rehabilitation Act does not require exhaustion. While we have the discretion to consider new arguments on appeal where the issue, like this one, is purely legal, *see United States v. Carlson,* 900 F.2d 1346, 1349 (9th Cir.1990), here the factual record upon which a determination of whether exhaustion was necessary has not been developed. *Cf. United States v. Patrin,* 575 F.2d 708, 712 (9th Cir.1978) (holding that consideration of a new issue on appeal is appropriate where the consideration does not depend on the record or the

record has been fully developed). Cooper's failure to raise this argument below prevented the district court from making the appropriate inquiry into the factors that would favor or militate against requiring exhaustion. *See Montgomery v. Rumsfeld,* 572 F.2d 250, 253–54 (9th Cir. 1978). I would not allow him to correct that mistake on appeal.